James M. SPENCER, Jr., doing business as Hurricane Marine Products, Plaintiff-Appellant,

v.

VDO INSTRUMENTS, LIMITED, et al., Defendants-Appellees.

No. 16099.

United States Court of Appeals Sixth Circuit.

Nov. 18, 1965.

Albert Robin, New York City, for appellant, John W. Mervenne, Detroit, Mich., on the brief, Watson, Leavenworth, Kelton & Taggart, New York City, of counsel.

Alfred E. Wilson, Dearborn, Mich., for appellees, Wilson, Settle & Craig, Dearborn, Mich., Edward A. Craig, Dearborn, Mich., on the brief, Ernest G. Montague, New York City, of counsel.

Before PHILLIPS and CELEBREZZE, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

Plaintiff-appellant registered in the United States Patent Office a trade-mark on "Sum Log," a combined nautical speedometer and mileage recorder, which was invented by a Swedish inventor named Rune Kock. This suit was filed to restrain defendants from using this trade-mark and to recover damages for trade-mark infringement and breach of contract. Defendants filed counterclaims for declaratory judgment, seeking to declare void the registration of this trade-mark by plaintiff, and also sued for injunctive relief and damages arising from an embargo caused by the trade-mark registration.

District Judge Ralph M. Freeman granted defendants' motion for summary judgment, holding that plaintiff had no interest in "Sum Log" except under a letter granting exclusive sales rights "so long as we are satisfied with your sales result." He held plaintiff's trade-mark to be void, and enjoined plaintiff from utilizing his trade-mark registration or obstructing defendants from importing, selling and distributing in the United States goods bearing the trade-mark "Sum Log."

The facts are set forth in the opinion of the district court, Spencer v. VDO Instruments, Limited et al., 232 F.Supp. 735 (E.D.Mich.) and will not be repeated here in detail.

The principal contention of plaintiff on this appeal is that the case presents genuine issues of material facts and that the district court therefore erred in granting summary judgment.

We agree with the holding of the district court that the record presents no genuine issue as to the following material and dispositive facts: The device in question has been manufactured and marketed in Sweden under the trademark "Sum Log" since 1952. In 1959 plaintiff's predecessor became interested in the device as a result of seeing an advertisement in a Swedish magazine. On February 14, 1959, plaintiff's predecessor placed an order for a supply of the devices. Thereafter he continued to import and sell the devices without any written license for shortly more than one year. Under date of April 10, 1960, he was granted an exclusive sales right in North America, which was to remain in effect only so long as the licensor was satisfied with the "sales result." This license was granted by the following letter:

"We are writing to you in order to grant you and your firm 'Hurricane Marine Company' exclusive sales right of the Sum-Log in North America *as long as we are satisfied with your sales result.* (Emphasis added.)

"We have learned from your letter that you are planning to incorporate other persons in your firm in order to have an improved financial backing. Should these plans be realized we are quite willing to transfer the exclusive right to you under another name of your firm.

Yours very truly,
A. B. Moskinaffaren
(Signed by Stieltjes)"

The record shows that neither the inventor of "Sum Log" nor any of his assignees ever granted any rights to plaintiff greater than those set forth in the foregoing letter. Both in extended correspondence and by a trip to Europe, plaintiff tried to obtain exclusive sales rights within the United States. After another distributor began to sell the device in California, plaintiff filed his

trade-mark application on February 24, 1961, and it was registered on the principal register of the Patent Office on March 13, 1962.

 We agree with the district court, upon the basis of the authorities set forth in his opinion hereinabove cited, that plaintiff was never the owner of the trade-mark within the meaning of 15 U.S.C. § 1051 et seq. To the contrary, plaintiff and his predecessors in interest were nothing more than importers under a license that was terminable at the will of the licensor. He obtained no rights of ownership under which he was entitled to register the trade-mark as his own.

 Since there is no genuine issue as to these material facts, the district court did not err in granting summary judgment. Rule 56(c), Federal Rules of Civil Procedure.

We agree with the holding of the district court that plaintiff's registration of the trade-mark in question is void.

Affirmed.